■ In the Matter of SHARON "C"* Respondent, v. DAVID "D"*, Appellant. — REYNOLDS, J. Appeal from an order of the Family Court, Essex County, which adjudged appellant to be the father of the petitioner's child. The Family Court found that appellant had sexual relations with the petitioner on or about July 2, 1967 and as a result thereof a child was born to petitioner on or about

_____
* Fictitious names.

March 24, 1968. The sole basis in the record for this conclusion is petitioner's uncorroborated testimony that the act of intercourse took place, the only such act alleged between petitioner and appellant, and that conception resulted therefrom. Petitioner also admitted having sexual relations on a number of occasions with another man in March or April of 1967 but denied having relations with him thereafter. However, it is also unquestioned that this same man spent three days at petitioner's home starting June 23, 1967. Initially we note that the decision does not "embody adequate findings, such as to permit intelligent judicial review" (*Matter of Gray* v. *Rose,* 30 A D 2d 138, 142). The decision presents only conclusions with no indication of the basis upon which they were premised. But more decisively in our opinion the evidence presented in the instant case falls far short of being convincing "'to the point of entire satisfaction'" (*Matter of Gray* v. *Rose, supra,* at 140, and cases cited therein) and the order appealed from must, therefore, be reversed and the petition dismissed. Order reversed, on the law and the facts, and petition dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.